IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JON SCHUKART, TERRI HEUBERGER,　　　　　　　　Civil No. 04-6242-AA
KAREN TOFTE, ROSALINA HERNANDEZ,　　　　　　　　OPINION AND ORDER
MADONA HERBERT, and
LARRY LOUIE,

       Plaintiffs,

  vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation, dba STATE FARM
INSURANCE COMPANIES, and STATE
FARM FIRE AND CASUALTY COMPANY,
a foreign corporation, dba STATE
FARM INSURANCE COMPANIES,

       Defendants.

---

Sharon Stevens
Michael D. Callahan
Callahan & Stevens
5845 Shoreview Lane N., Suite 500
P.O. Box 20937
Keizer, Oregon 97307-0937
    Attorneys for plaintiff Larry Louie

Clay D. Creps
Seth H. Row

Bullivant Houser Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
    Attorneys for defendants

AIKEN, Judge:

Defendants move for summary judgment against plaintiff Larry Louie based on lack of standing and judicial estoppel. Defendants' motion is granted and summary judgment is entered for defendants against plaintiff Larry Louie only based on lack of standing.

## BACKGROUND

Plaintiff, Larry Louie, is one of six plaintiffs who brought this cause of action against defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm"), plaintiffs' former employer. Plaintiffs allege claims for breach of contract, breach of the covenant of good faith and fair dealing, and for intentional infliction of emotional distress. Defendants allege that plaintiff Louie was terminated by State Farm for violation of its Electronic Communications Policy, after it was discovered that he had sent and received inappropriate emails from his State Farm computer.

Plaintiff filed an Amended Complaint in this case in the Circuit Court for Marion County on June 21, 2004. The defendants then removed the action to this court. On July 30, 2004,

Page 2 - OPINION AND ORDER

plaintiff filed a Chapter 7 Voluntary Petition in the United States Bankruptcy Court for the District of Oregon. On August 13, 2004, plaintiff filed schedules of debts and assets. The schedule of assets (Schedule B) failed to list the claim at bar as an asset. Plaintiff was discharged from bankruptcy on November 9, 2004.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine

issue for trial.  Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

Plaintiff Louie concedes that his claims should have been the property of his bankruptcy estate and turned over to the Trustee.  Plaintiff, however, opposes summary judgment on the basis that the Trustee has now asserted an interest in his claims for the purpose of pursuing that portion of the asserted liability claims which are actually owned by the Trustee.  Plaintiff's argument fails.  Defendants' summary judgment motion is directed solely to the interests of plaintiff Louie.  The motion is not directed to any potential interests of the Trustee who may, or may not, elect to file an action in the name of the Trustee against these defendants.  I find no evidence or case law supporting a finding of standing under these facts.  Moreover, dismissing plaintiff Louie does not harm or impede whatever separate interest or claim may be held by the Chapter 7 Trustee.  Plaintiff does not dispute, nor could he, that once a petition for bankruptcy has been filed, all rights of action in which the

debtor has an interest become the property of the estate under 11 U.S.C. section 541(a)(1). Further, all rights of action that are not listed on a debtor's schedule, and therefore not administered by the Bankruptcy Trustee, also remain property of the debtor's bankruptcy estate. Pace v. Battley (In re Pace), 146 B.R. 562, 566 (BAP 9th Cir. 1992)(claim may not been deemed to be abandoned by the Trustee even after discharge where debtor failed to list the claim in his bankruptcy schedules). Therefore, as here, any accrued claim which is not listed in a debtor's bankruptcy schedule remains the property of the debtor's bankruptcy estate, regardless of any court ordered discharge.

Standing is jurisdictional and once a claim is property of the bankruptcy estate the debtor has no standing to bring the claim, resulting in a loss of jurisdiction. Turner v. Cook, 362 F.3d 1219, 1226 (9th Cir.), cert. denied, 125 S. Ct. 498 (2004). See also, Williams v. Kaiser Permanent Div. of Research, 2000 WL 1262657, *3 (N.D. Cal. 2000)(plaintiff was terminated, filed for bankruptcy but failed to disclose claim against employer based on racial discrimination, court granted summary judgment to the employer due to lack of standing to bring claims).

Because I find no disputed issues of fact and can rule as a matter of law that plaintiff lacks standing to bring this claim against these defendants, I will not reach the merits of defendants' second argument regarding judicial estoppel.

Page 5 - OPINION AND ORDER

## CONCLUSION

Defendants' motion for summary judgment as to plaintiff Larry Louie (doc. 19) is granted. Judgment is entered in favor of defendants on plaintiff Louie's claim based on Louie's lack of standing to bring the claims.

IT IS SO ORDERED.

Dated this  20  day of September 2005.


                         /s/ Ann Aiken
                             Ann Aiken
                   United States District Judge

Page 6 - OPINION AND ORDER